IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | No. 2:20-CV-1031-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, an inmate at California Medical Facility (CMF), names the following defendants: (1) Gavin Newsom, Governor of California; (2) Ralph Diaz, California Department of Corrections and Rehabilitation (CDCR) Secretary; and (3) Daniel E. Cueva, CMF Warden. ECF No. 1, pg. 2.

Plaintiff alleges that the Defendants excluded him from consideration for early parole. Id. at 10. Plaintiff claims that in doing so, the Defendants exhibited deliberate indifference to his state rights in violation of the Eighth Amendment. See id. at 3. According to Plaintiff, a case records analyst determined him eligible for parole review according to California Proposition 57. Id. at 7. Yet, the Board of Parole Hearing (BPH) allegedly exhibited deliberate indifference to his right to release and refused to render a decision in his case. Id. at 10. Plaintiff asserts that the Board violated its procedural regulations and California law in denying him proper parole review and release. See id. at 12.

The specific allegations by Plaintiff are unclear, but generally, he claims denial of proper review and release procedure. See id. at 11-12. Plaintiff alleges that Defendant Diaz excluded all nonviolent three-strike offenders from early parole consideration, including himself, it would seem. Id. at 18.  Plaintiff claims to have complained to the BPH, Diaz, Cueva, and Newsom on numerous occasions to no avail. Id. at 12. Plaintiff claims that each defendant participated in a "concerted action" and conspired to deprive him of his rights but does not specify how each defendant participated. Id. at 18. Further, Plaintiff alleges that he was at a high risk of contracting COVID-19, and as such, failure to grant review amounted to cruel and unusual

punishment. Id. at 16-17. Plaintiff also claims that the BPH acted in violation of his due process rights. Id. at 10.

Plaintiff seeks specific performance in the form of immediate-release to parole as well as compensatory and punitive damages. ECF No. 1, pg. 6. Plaintiff requests $500 per day from January 9, 2019, to May 20, 2020. Id.

## II.  DISCUSSION

As currently set forth, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff seeks relief under the Eighth Amendment against each of the named Defendants for deliberate indifference as well as cruel and unusual punishment. Plaintiff also seeks relief under the Fourteenth Amendment against the BPH for due process violations. Plaintiff's claims against Defendants Diaz and Cueva are not cognizable because they fail to identify specific conduct by the Defendants that is causally related to the deprivation of a constitutional right. Plaintiff's claims against Governor Newsom and the BPH fail because they have Eleventh Amendment immunity as a state official and state agency, respectively. Further, the due process claim fails for failure to allege a causal link. Finally, assuming the facts here give rise to any claim for relief, that relief would be in the form of a habeas corpus claim, rather than the instant civil rights action.

### A.  **Eighth Amendment: Cruel and Unusual Punishment**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's claims are vague, conclusory, and lack specificity. Plaintiff alleges a "combination of unlawful events" and a "chain conspiracy" in which "each defendant is responsible for a distinct act." See ECF No. 1, pg. 18. Plaintiff alludes to the distinct actions taken by each of the Defendants but does not specify what each of those actions are attributable to specific Defendants. See id. Plaintiff must identify the affirmative actions taken by each Defendant in support of his claims. With regard to Defendant Diaz, Plaintiff alleges that he excluded all non-violent three-strike offenders from early parole consideration. See id. However, Plaintiff's allegations against Diaz fail to identify any specific conduct. With regard to Defendant Cueva, Plaintiff generally claims that he was involved in the denial of proper review and release procedure and involved in a conspiracy to deprive him of his due process rights. See id. at 11-12, 18. Similarly, Plaintiff has failed to identify specific conduct on behalf of Defendant Cueva causally related to the deprivation of a constitutional right. Accordingly, Plaintiff's claims against

1  Diaz and Cueva are insufficient to support an Eighth Amendment claim. See Monell, 436 U.S.
2  658; Johnson, 588 F.2d at 743.
3           Plaintiff further alleges that, due to suffering three recent strokes, he is at a high
4  risk of contracting COVID-19, and accordingly, the deprivation of parole review was cruel and
5  unusual punishment. See ECF No. 1, pg. 16-17. However, the condition of Plaintiff's health does
6  not alter the Eighth Amendment analysis. Regardless of his condition, to claim cruel and unusual
7  punishment, Plaintiff must point to a specific act or omission by a prison official taken to inflict
8  harm. See Farmer, 511 U.S. at 834. Because Plaintiff has not met this burden, Plaintiff does not
9  have a cognizable Eighth Amendment claim. Plaintiff will be given leave to amend his complaint
10 and is advised to plead facts that identify the specific conduct taken by Defendants Diaz and
11 Cueva, which resulted in a deprivation of his constitutional rights.

       **B.**    **Eleventh Amendment: Immunity**

13          The Eleventh Amendment prohibits federal courts from hearing suits brought
14 against a state both by its own citizens, as well as by citizens of other states. See Brooks v.
15 Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition
16 extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't
17 of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th
18 Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state
19 agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782
20 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).
21          The Eleventh Amendment also bars actions seeking damages from state officials
22 acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena
23 v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not,
24 however, bar suits against state officials acting in their personal capacities. See id. Under the
25 doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for
26 prospective declaratory or injunctive relief against state officials in their official capacities. See
27 Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does
28

1 not bar suits against cities and counties.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Plaintiff alleges that Governor Newsom participated in "concerted action" with the other defendants to deprive him of his rights. See ECF No. 1, pg. 18. Plaintiff does not have a cognizable claim against Governor Newsom. The Eleventh Amendment bars suits against Governor Newsom in his official capacity as Governor. See Eaglesmith, 73 F.3d at 859. Because Plaintiff's allegations are against Newsom in his official capacity as Governor, overseeing the CDCR, Plaintiff's allegations are barred by the Eleventh Amendment. Further, Plaintiff has not identified specific conduct by Newsom that is causally related to the deprivation of his rights. See Monell, 436 U.S. 658; Johnson, 588 F.2d at 743.

Plaintiff also alleges that the Board of Parole Hearing exhibited deliberate indifference to his due process rights when it refused to render a decision in his case. See ECF No. 1, pg. 10. For the same reasons, Plaintiff does not have a cognizable claim against the BPH. The Eleventh Amendment bars suits brought against state agencies. See Lucas, 66 F.3d at 248. The BPH is a state agency for purposes of the Eleventh Amendment and immune from damages suits. See Johnson v. Lizarraga, No. 2:16-cv-0253 JAM AC P, 2017 U.S. Dist. LEXIS 144333, at *4-5 (E.D. Cal. Sept. 6, 2017). Accordingly, the Eleventh Amendment bars Plaintiff's claims against the BPH. Additionally, Plaintiff is barred from stating a claim against specific members of the BPH. Because ". . . parole board officials perform functionally comparable to tasks to judges when they decide to grant, deny, or revoke parole," parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications.  See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981); see also Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam).

### C.    **Fourteenth Amendment: Due Process**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672

6

(1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate

release from prison were cognizable under § 1983). However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

There is no liberty interest in being released on parole guaranteed by the Constitution. See Vitek v. Jones, 445 U.S. 480, 488 (1980). A state's substantive parole scheme, however, can give rise to a constitutional liberty interest if it uses mandatory language and creates a presumption that parole release will be granted. See Miller v. Or. Bd. Of Parole & Post-Prison Supervision, 642 F.3d 711, 714 (9th Cir. 2011). A plaintiff may bring a claim for his constitutional liberty interest, based on a state's substantive parole scheme, under the Fourteenth Amendment. Id.

Here, Plaintiff claims that the BPH violated his due process rights when, by showing deliberate indifference to his parole eligibility, it denied him actual release from prison. See ECF No. 1, pg. 10. Plaintiff alleges that state law creates the presumption of parole, giving rise to a constitutionally protected liberty interest. See id. at 10-14. Construing the complaint liberally, and without performing a substantive analysis of Proposition 57, the Court recognizes that Plaintiff has demonstrated a state-created liberty interest in being considered for release on parole. However, the claim still fails for failure to allege a specific causal link to the Defendants. In his complaint, Plaintiff only makes mention of a due process violation in reference to the BPH. However, as discussed, the BPH is immune from suits as a state agency. Plaintiff further fails to identify specific conduct by any other defendant that is causally related to the alleged due process violation. Upon leave to amend, Plaintiff is advised to identify the specific conduct by the Defendants that are grounds for relief.

### D. Relief Sought

Plaintiff's claim is also defective because the relief sought is not relief that can be granted under § 1983. Plaintiff seeks immediate release from prison. See ECF No. 1, pg. 6.

///

///

8

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

The Supreme Court has held that the district courts should avoid recharacterizing a pro se litigant's civil rights claim which sounds in habeas as a habeas claim where doing so would disadvantage the litigant. See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000). Thus, while the district court may recharacterize a civil rights claims as a habeas claim, before doing so the court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on

'second or successive motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Id. at 383.

Here, under § 1983, Plaintiff is not entitled to the relief sought. Plaintiff will be given leave to amend to cure the defects in his complaint. Plaintiff may either: (1) amend his complaint to request relief related to parole procedures as opposed to any particular parole decision (i.e., release); or (2) withdraw his civil complaint and file a writ of habeas corpus.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and

the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 19, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE