# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HARRIS,

    Plaintiff,

    v.

GAVIN NEWSOM, et al.,

    Defendants.

No. 2:20-CV-1031-TLN-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On July 19, 2021, the Court issued an order addressing Plaintiff's complaint. See ECF No. 12. The Court concluded that the relief sought in the complaint was not available under § 1983. See id. at 8-10. The Court stated:

> Here, under § 1983, Plaintiff is not entitled to the relief sought. Plaintiff will be given leave to amend to cure the defects in his complaint. Plaintiff may either: (1) amend his complaint to request relief related to parole procedures as opposed to any particular parole decision (i.e., release); or (2) withdraw his civil complaint and file a writ of habeas corpus.

ECF No. 12 pg. 10.

///

///

Plaintiff was granted an extension of time on August 13, 2021, and ordered to comply with the July 19, 2021, order within 30 days.  See ECF No. 14.  To date, Plaintiff has failed to comply with the July 19, 2021, order.[1]

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of Plaintiff's failure to comply with the Court's July 19, 2021, order, the Court finds that dismissal of this action is appropriate.

///
///
///
///
///
///
///
///

---

[1] On September 22, 2021, Plaintiff filed a document entitled "Permission for Leave to Exhaust Remedies in the State Supreme Court on Claims of Board of Parole Denial of Release from Custody."  ECF No. 15.

Based on the foregoing, the undersigned recommends that:

1. This action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders; and

2. All pending motions, ECF No. 15, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 21, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE